IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

TAQI ELAGA-BEY,  Aboriginal Native  )
American Freehold by Birthright,      )
                                      )
            Plaintiff,                )
                                      )
      v.                              )            CV 116-146
                                      )
KIMBERLEY MATTHEWS, Aldridge          )
Pite, LLP, 15 Piedmont Center, 3575   )
Piedmont Road, N.E., Suite 500        )
Atlanta, Georgia 30305;               )
KATE HARRENSTEIN,                     )
Wells Fargo Bank, N.A. 420 Montgomery )
Street, San Francisco, CA 94104; and  )
GERLINDE BERRY, Wells Fargo Bank,     )
N.A., 420 Montgomery                  )
Street, San Francisco, CA 94104,      )
                                      )
            Defendants.               )
                                   _____

**O R D E R**
                                   _____

        *Pro se* Plaintiff requests permission to proceed *in forma pauperis* ("IFP").  (Doc. no.

2.)   On March 16, 2016, Plaintiff, proceeding under the name "Stephen Anthony Lee,"

sought to bring a similar action and also sought to proceed IFP.  Lee v. Johnson, CV 116-

031, doc. no. 1 (S.D. Ga. Mar. 16, 2016) ("CV 116-031").  In Lee, Plaintiff was initially told

to amend his IFP motion, to provide complete and accurate financial information, and to

provide a dollar amount of any public or private assistance.  Id., doc. no. 3.  In his amended

IFP motion, Plaintiff failed to provide complete information and conveniently omitted that he

held a job as a restaurant manager from March 2014 to July 2015 that carried a $45,000 per

year salary.  Id., doc. no. 5.  Because Plaintiff completely disregarded the Court's order

instructing Plaintiff to provide accurate and complete financial information, the Court denied

Plaintiff's motion to proceed IFP.  Id.  Plaintiff returned with another attempt at filing an IFP

motion, and claimed to have attained employment with Comcast on March 28, 2016 and also

claimed he expected to receive $2,450.00 in April 2016.  Id., doc. no. 6.

Despite knowing full well he must provide complete and accurate financial

information, Plaintiff has yet again failed to do so.  (Doc. no. 2.)  Although Plaintiff states he

does not have any income and this is the "verified truth," he lists he expects to receive

$1000.00 next month from self-employment as "clergy."  (Id.)  When prompted to list his

employment history for the past two years, Plaintiff did not list any employer, and again

conveniently omitted that he was employed as a restaurant manager in 2015.  CV 116-031,

doc. no. 4.  Furthermore, Plaintiff fails to mention his employment with Comcast.  Id., doc.

no. 6.

Leave to proceed IFP is discretionary with the Court, and that discretion is to be

exercised so as not to deny a party access to the courts solely on account of financial

standing.  See Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Although poverty sufficient to

qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a

*privilege*, not a right.  See Rowland v. California Men's Colony, Unit II Men's Advisory

Council, 506 U.S. 194, 198 (1993).  Indeed, "a litigant whose filing fees and court costs are

assumed by the public . . . lacks an economic incentive to refrain from filing frivolous,

malicious, or repetitive lawsuits."  Neitzke v. Williams, 490 U.S. 319, 324 (1989).

Because Plaintiff has yet again failed to provide complete information about his

finances, the Court **DENIES** Plaintiff's request to proceed IFP.  (Doc. no. 2.)  Accordingly,

the Court **ORDERS** Plaintiff to remit the full $400.00 filing fee within twenty-one days of

this Order.  See 28 U.S.C. § 1914(a); see also Lister v. Dep't of Treasury, 408 F.3d 1309, 1313 (10th Cir. 2005) (finding no abuse of discretion to deny permission to proceed IFP where plaintiff, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with required financial information).  The failure to do so will result in a recommendation to the presiding District Judge that this case be dismissed without prejudice.  See Loc. R. 4.2(2).

SO ORDERED this 13th day of September, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA