IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAQI ELAGA-BEY, Aboriginal Native American Freehold by Birthright, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 116-146 |
| KIMBERLEY MATTHEWS, Aldridge Pite, LLP, 15 Piedmont Center, 3575 Piedmont Road, N.E., Suite 500 Atlanta, Georgia 30305; KATE HARRENSTEIN, Wells Fargo Bank, N.A. 420 Montgomery Street, San Francisco, CA 94104; and GERLINDE BERRY, Wells Fargo Bank, N.A., 420 Montgomery Street, San Francisco, CA 94104, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

On December 21, 2016, Defendants filed a motion requesting a stay of discovery, (doc. no. 13), until a ruling on Defendants' motion to dismiss (doc. no. 10). Plaintiff has not opposed the motion. Upon consideration, and for the reasons set forth below, the Court **GRANTS** the request.

Under Fed. R. Civ. P. 26(c), this Court has "broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Ameris Bank v. Russack, No. CV614-002, 2014 WL 2465203, at *1 (S.D. Ga. May 29, 2014) (quoting Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987)). A stay should

be granted where all discovery may be mooted by ruling on a legal issue. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.") Moreover, courts have granted motions to stay where the "resolution on the pending motion . . . may extinguish some or all of the claims . . . potentially restricting the scope of discovery significantly." White v. Georgia, No. 1:07CV01739WSD, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007).

The court may take a "preliminary peak" at the merits of the dispositive motion to assess the likelihood that it will be granted. Russack, 2014 WL 2465203, at *1 (citing Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Here, because a cursory review of the motion to dismiss suggests it has the *potential* to be "case-dispositive," Feldman, 176 F.R.D. at 653, or could restrict the scope of discovery, discovery should be stayed. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); see also Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005).

Thus, the Court **GRANTS** Defendants' request (doc. no. 13) and **STAYS** discovery until the District Judge's ruling on the motion to dismiss, in which case remaining parties shall confer and submit a revised scheduling order within fourteen days. Such order should include date-certain deadlines through the filing of summary judgment motions.

SO ORDERED this 17th day of January, 2017, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA