```
IN THE UNITED STATES DISTRICT COURT FOR THE
         SOUTHERN DISTRICT OF GEORGIA
                AUGUSTA DIVISION
```

TAQI ELAGA-BEY,                    *
                                   *
      Plaintiff,                   *
                                   *
      v.                           *    CV 116-146
                                   *
KIMBERLEY MATTHEWS of Aldridge     *
Pite, LLP; KATE HARRENSTEIN of     *
Wells Fargo Bank, N.A.; and        *
GERLINDE BERRY of Wells Fargo      *
Bank, N.A.,                        *
                                   *
      Defendants.                  *
                                   *

                          O R D E R

    Plaintiff,[1] proceeding *pro se*, initiated this case on September 6, 2016. (Doc. 1.) In his original complaint, Plaintiff nebulously alleged that the Clerk of Court for the Superior Court of Richmond County, Georgia, violated Plaintiff's constitutional rights by action and/or inaction taken with regard to a civil action filed by Plaintiff in that court in December

---

[1] Plaintiff – born Stephen Anthony Lee – initiated this case under the name of "Taqi Elaga-Bey", which he claims to have "declared [as] his national title" without court intervention in 2013. (See Doc. 1; see also Doc. 24.) In a subsequent filing, Plaintiff informed the Court that he shall henceforth be known as "Taqi El", which he allegedly "proclaimed [as] his legal name" in 2017. (Doc. 24, at 1.) Plaintiff also appears to have assumed – and transacted business under – the name "Taqi El Agabey" at some point. (See Doc. 21.) Notably, Plaintiff initiated a similar action with regards to his house in 2016 – using the moniker ":stephen-anthony:lee" – which he subsequently voluntarily dismissed without prejudice. See Lee v. Johnson, 1:16-CV-031, Doc. 8 (S.D. Ga. Apr. 26, 2016). Plaintiff also initiated a similar action with regards to his automobile in 2017 – under the name "Taqi El" – which was subsequently dismissed for lack of subject matter jurisdiction. See El v. North Carolina State Employees' Credit Union, 1:17-CV-052, Doc. 11 (S.D. Ga. May 31, 2017).

2014. (Id.) Plaintiff also alleged therein that Wells Fargo Home Mortgage ("WFHM")[2] and/or Aldridge Pite, LLP ("AP") breached an alleged contract formed with Plaintiff by "fail[ing] to release [the] Property Lien after accepting and/or refusing a legal tender of payment . . . in full satisfaction of the debt and . . . the simple contract received by Bank prior to payment." (Id. at 8). Plaintiff also sought, *inter alia*, an emergency injunction to prevent the non-judicial sale of his personal residence and a declaratory judgment that the debt associated with the financing of said residence had been "paid in full and discharged as of September 28, 2015." The only persons/entities listed as defendants in his original complaint's styling of the case, however, are Kimberly Matthews, Kate Harrenstein, and Gerlinde Berry.[3]

On December 12, 2016, Defendants Berry and Harrenstein – together with WFHM – made special appearances and moved to dismiss Plaintiff's complaint for, *inter alia*, lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. (Doc. 10.) On December 27, 2016, Plaintiff moved for leave to file an amended complaint. (Doc. 15.) In his amended complaint attached as an exhibit thereto, Plaintiff forgoes any

---

[2] Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.
[3] The only persons/entities listed in Plaintiff's complaint under the section titled "Parties to Action," however, are Plaintiff, AP, and Wells Fargo Bank, N.A. (Compare Doc. 1, at 1, with id. ¶¶ 10-12.)

substantive mention of the Superior Court of Richmond County, its Clerk of Court, Kimberly Matthews, or Gerlinde Berry.[4] (See Doc. 15, at 8-15.) Rather, Plaintiff focuses his allegations solely on the alleged conduct of WFHM, AP, and Kate Harrenstein and inartfully attempts to assert a variety of federal and state law claims against these aforementioned persons/entities with regards to a financing transaction related to his personal residence. (Id.) Plaintiff also seeks a declaratory judgment that the debt associated with that financing transaction has been satisfied and an order compelling WFHM to, *inter alia*, release the lien on his residence and take action to repair his credit history. (Id.) Plaintiff, however, again lists only himself, Kimberly Matthews, Kate Harrenstein, and Gerlinde Berry in the case caption for his amended complaint.[5]

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain: (1) a short and plain statement detailing the Court's jurisdiction; (2) a short and plain statement of the party's "claim showing that [he] is entitled to relief;" and (3) a demand for the relief sought. FED. R. CIV. P. 8(a)(2); see also FED. R. CIV. P. 10(a) (requiring complaints to have a caption which includes, *inter alia*, a case title naming

---

[4] Plaintiff does, however, list Kimberley Matthews, Kate Harrenstein, and Gerlinde Berry in the case caption for his motion for leave to file an amended complaint. (Doc. 15, at 1.) Other than himself, Plaintiff includes no other individual/entity in the aforementioned case caption. (Id.)
[5] The only persons/entities listed in Plaintiff's amended complaint under the section titled "Parties to Action," however, are Plaintiff, WFHM, AP, and Kate Harrenstein. (Compare Doc. 15, at 1, with id. at 9-10.)

3

all parties to the action); FED. R. CIV. P. 10(b) (requiring a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances"). The purpose of these requirements is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading' . . . [which is] prohibited by Rule 8(a)(2) . . . ." Lampkin-Asam v. Volusia Cty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (citations omitted). District courts have a "supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006). And "[w]hile a trial judge is to employ less stringent standards in assessing *pro se* pleadings than would be used to judge the final product of lawyers, this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." Lampkin-Asam, 261 F. App'x at 276-77; see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("All persons, regardless of wealth, are entitled to reasonable access to the courts. . . . Still, once a *pro se* . .

4

. litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); In re Unsolicited Letters to Fed. Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) ("[C]ourts do and should show a lenience to *pro se* litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (citations omitted)).

From the current form of Plaintiff's initial and amended complaints, the Court cannot discern a valid basis for federal jurisdiction because Plaintiff recites legal terminology without explaining how it applies to his claims and he has included extraneous information with no immediately apparent relevance to any claims that might be properly before this Court. Similarly, Plaintiff's pleadings are so lacking in clarity that the Court cannot fathom how an individual would even know whether they were intended as a defendant, let alone be able to frame a cogent response thereto. Indeed, it would be a gross understatement to categorize Plaintiff's pleadings as vague, ambiguous, meandering, and convoluted. As such, neither Plaintiff's initial nor amended complaint satisfy the dictates of Rule 8(a).

The Court, however, recognizes Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by amending his complaint. Accordingly, the Court **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document **within twenty-one days of the date of this Order**.[6] If Plaintiff wishes to proceed with this action, he **MUST** complete and submit the enclosed complaint form. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will dismiss this action, without prejudice, without further notice.[7]

When preparing his forthcoming amended complaint, Plaintiff should carefully review the instructions of the enclosed complaint form and provide the particular information requested. The amended complaint must be typed or printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff; no portion of any prior pleading shall be incorporated into his amended complaint by reference. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016);

---

[6] The Court **DIRECTS** the **CLERK** to enclose Form Pro Se 1, Complaint for a Civil Case, stamped with the appropriate case number, with Plaintiff's service copy of this Order.

[7] Because the Court will require Plaintiff to replead his complaint, the Court **DENIES WITHOUT PREJUDICE** the motion to dismiss filed by Gerlinde Berry, Kate Harrenstein, and WFHM (doc. 10). Similarly, the Court **DENIES AS MOOT** Plaintiff's motion for leave to amend (doc. 15), his motion to strike the response to his motion for leave to amend (doc. 19), and his motion for judicial notice (doc. 22).

Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his pleading. For example, Plaintiff should not simply state, "see attached documents," as the Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of September, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7